UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES AMBROSIA WILLIAMS, | Case No. EDCV 15-1059 VAP(JC) |
| Petitioner, | ORDER TO SHOW CAUSE |
| v. | |
| J. SOTO, Warden, | |
| Respondent. | |

On May 29, 2015, petitioner James Ambrosia Williams ("petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") challenging petitioner's 2013 conviction in San Bernardino County Superior Court. It appears from the Petition – which is internally inconsistent – and matters as to which this Court takes judicial notice, that petitioner's claims have not previously been presented to the California Supreme Court.

A federal court will not grant a state prisoner's petition for writ of habeas corpus unless it appears that the prisoner has exhausted available state remedies. 28 U.S.C. §§ 2254(b), (c); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Park v. California, 202 F.3d 1146, 1150 (9th Cir.), cert. denied, 531 U.S. 918 (2000). "For reasons of federalism, 28 U.S.C. § 2254 requires federal courts to give the states an initial opportunity to correct alleged violations of its prisoners'

federal rights." Kellotat v. Cupp, 719 F.2d 1027, 1029 (9th Cir. 1983) (citation omitted). A federal court may raise exhaustion problems *sua sponte*. See Stone v. San Francisco, 968 F.2d 850, 856 (9th Cir. 1992), cert. denied, 506 U.S. 1081 (1993) (citing Granberry v. Greer, 481 U.S. 129, 134 (1987)).

Exhaustion requires that the prisoner's contentions be fairly presented to the highest court of the state. James v. Borg, 24 F.3d 20, 24 (9th Cir.), cert. denied, 513 U.S. 935 (1994). A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995); Anderson v. Harless, 459 U.S. 4, 6 (1982); Weaver v. Thompson, 197 F.3d 359, 364 (9th Cir. 1999).

Petitioner has the burden of demonstrating he has exhausted available state remedies. See, e.g., Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), cert. denied, 522 U.S. 833 (1997); Keating v. Hood, 922 F. Supp. 1482, 1490 (C.D. Cal. 1996), app. dismissed on other grounds, 133 F.3d 1240 (9th Cir. 1998). Once a court determines that a habeas petition contains only unexhausted claims, it may dismiss the petition for failure to exhaust. Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).

Here, as noted above, petitioner challenges a 2013 conviction in San Bernardino County Superior Court. The Petition reflects that petitioner did not file a petition for review in the California Supreme Court. (Petition at 3). The Petition also reflects that petitioner filed a single habeas petition and that such petition was filed in the San Bernardino County Superior Court. (Petition at 3-4). Consistently, the dockets of the California Supreme Court available via http://appellatecases.courtinfo. ca.gov, do not reflect that petitioner has ever sought relief from such court. Nonetheless, in stating his grounds for relief, petitioner inconsistently checks boxes asserting that he raised his two claims in a habeas petition to the California Supreme Court. (Petition at 5-6).

In light of petitioner's inconsistent indications as to whether or not he has raised his two current claims in the California Supreme Court, and the apparent absence of any indication from the dockets of the California Supreme Court that he has done so, IT IS HEREBY ORDERED that within fourteen (14) days of the date of this order, petitioner shall show cause, in writing, why this action should not be dismissed without prejudice for failure to exhaust state remedies, that is, the failure to present to, and have his claims resolved by the **California Supreme Court**. If petitioner contends that he has, in fact, presented his claims to the **California Supreme Court** and that such court has ruled thereon, his response to this Order to Show Cause shall indicate how and when petitioner raised his claims with the California Supreme Court (including any name variation he used if different than James Ambrosia Williams), shall include the date of the California Supreme Court's decision regarding his claims and the case number, and shall attach a copy of such decision, if it is available.

DATED: June 15, 2015

                                                /s/
                                    Honorable Jacqueline Chooljian
                                    UNITED STATES MAGISTRATE JUDGE