UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES AMBROSIA WILLIAMS,<br><br>    Petitioner,<br><br>    v.<br><br>J. SOTO, Warden,<br><br>    Respondent.<br>_____ | Case No. EDCV 15-1059 VAP(JC)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |

## I. SUMMARY

On May 29, 2015, petitioner James Ambrosia Williams ("petitioner"), who is proceeding *pro se*, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") challenging petitioner's 2013 conviction in San Bernardino County Superior Court. As it appeared from the Petition and judicially noticed matters that petitioner has never presented any claims to the California Supreme Court, the Court, on June 15, 2015, ordered petitioner to show cause in writing within fourteen (14) days (*i.e.*, by not later than June 29, 2015), as to why the Petition should not be dismissed without prejudice based on petitioner's failure to exhaust state remedies ("Order to Show Cause"). The Court further ordered, that if it was petitioner's contention that he had in fact exhausted such claims, his

response to the Order to Show Cause must indicate how and when petitioner raised his claims with the California Supreme Court, including any name variation he used if different than James Ambrosia Williams, the date of the California Supreme Court's decision regarding his claims, and the case number. Although the deadline to respond to the Order to Show Cause expired more than two weeks ago, to date, petitioner has neither responded to the Order to Show Cause nor sought an extension of time to do so.

As petitioner, despite having been afforded an opportunity to do so, has failed to meet his burden to demonstrate that any of his claims have been exhausted, and as it appears to the Court from the Petition and matters as to which the Court takes judicial notice that the Petition is wholly unexhausted, the Petition and this action are dismissed without prejudice.

## II. PROCEDURAL HISTORY

On September 12, 2014, a San Bernardino County Superior Court jury found petitioner guilty of child abuse with enhancements for the infliction of great bodily injury and a prior serious/violent felony conviction. (Petition at 2). On November 4, 2014, the court sentenced petitioner to 22 years in state prison. (Petition at 2).

On February 11, 2014, in Case No. E060134, the California Court of Appeal (Fourth Appellate District, Division Two) affirmed the conviction and sentence. (Petition at 2-3). Petitioner did not seek further direct review in the California Supreme Court. (Petition at 3).

In response to directions on the Petition form calling for information on each habeas petition petitioner filed in state court with respect to the foregoing judgment of conviction, petitioner listed a single habeas petition which he filed in

///
///
///

the San Bernardino County Superior Court on December 7, 2014, and which the

Superior Court denied on January 5, 2015. (Petition at 3-4).[1] The Court takes judicial notice that records of the California Court of Appeal (Fourth Appellate District, Division Two) and the California Supreme Court, whose dockets are available via http://appellatecases.courtinfo.ca.gov, do not reflect that petitioner sought habeas relief in such courts. See Fed. R. Evid. 201; Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

## III. DISCUSSION

A federal court will not grant a state prisoner's petition for writ of habeas corpus unless it appears that the prisoner has exhausted available state remedies. 28 U.S.C. § 2254(b), (c); Baldwin v. Reese, 541 U.S. 27, 29 (2004); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Park v. California, 202 F.3d 1146, 1150 (9th Cir.), cert. denied, 531 U.S. 918 (2000). "For reasons of federalism, 28 U.S.C. § 2254 requires federal courts to give the states an initial opportunity to correct alleged violations of its prisoners' federal rights." Kellotat v. Cupp, 719 F.2d 1027, 1029 (9th Cir. 1983) (citation omitted).

Exhaustion requires that the prisoner's contentions be fairly presented to the highest court of the state. Davis v. Silva, 511 F.3d 1005, 1008 (9th Cir. 2008) (citation omitted); James v. Borg, 24 F.3d 20, 24 (9th Cir.), cert. denied, 513 U.S. 935 (1994). A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982) (per curiam); Scott v. Schriro, 567 F.3d 573, 582 (9th Cir.) (per curiam), cert. denied, 558 U.S.

---

[1] Even though petitioner lists no other state habeas petitions, he nonetheless inconsistently checked boxes suggesting that he had raised the claims in the Petition in a habeas petition presented to the California Supreme Court. (Compare Petition at 4 with Petition at 5, 6).

1091 (2009); Weaver v. Thompson, 197 F.3d 359, 364 (9th Cir. 1999).

A federal court may raise a habeas petitioner's failure to exhaust state remedies sua sponte. Stone v. City and County of San Francisco, 968 F.2d 850, 855-56 (9th Cir. 1992), cert. denied, 506 U.S. 1081 (1993). Petitioner has the burden of demonstrating he has exhausted available state remedies. See, e.g., Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam); Rollins v. Superior Court, 706 F. Supp. 2d 1008, 1011 (C.D. Cal. 2010).

In the present proceeding, petitioner has not met his burden to demonstrate that any of his claims have been presented to and resolved by the California Supreme Court. The Petition – which as noted above, is internally inconsistent – lists no petition for review or petition for writ of habeas corpus filed in the California Supreme Court. The California Supreme Court appears to have no record of any efforts by petitioner to seek any relief from such court. Petitioner, despite having been afforded, by virtue of the Order to Show Cause, an opportunity to demonstrate that he has exhausted his claims, has failed even to respond to the Order to Show Cause. Accordingly, the Court concludes that petitioner has never presented the claims in the Petition to the California Supreme Court.

The Court notes that the exhaustion requirement may be satisfied if a petitioner's unexhausted claims are clearly procedurally barred under state law. See Castille v. Peoples, 489 U.S. 346, 351-52 (1989); Johnson v. Zenon, 88 F.3d 828, 831 (9th Cir. 1996). In this case, however, it is not "clear" that the California Supreme Court would deem petitioner's claims procedurally barred under state law if he were to raise them in a habeas petition in the California Supreme Court. See In re Harris, 5 Cal. 4th 813, 825 (1993) ("[H]abeas corpus has become a proper remedy in this state to collaterally attack a judgment of conviction which has been obtained in violation of fundamental constitutional rights.") (citations omitted); People v. Sorenson, 111 Cal. App. 2d 404, 405 (1952) (claims that fundamental constitutional rights have been violated may be raised by state habeas

petition).[2]

Once a Court determines that a habeas petition contains only unexhausted claims, it may dismiss the petition for failure to exhaust. Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006). Accordingly, because petitioner has failed to meet his burden to demonstrate that any of the claims in the Petition are exhausted, and because it appears to the Court from the Petition and the absence of any record of petitioner seeking relief in the California Supreme Court that the Petition in this case is wholly unexhausted, dismissal thereof is appropriate.

### IV. ORDER

IT IS THEREFORE ORDERED that the Petition is dismissed and that Judgment be entered accordingly.

DATED: _July 21, 2015_____

_____
HONORABLE VIRGINIA A. PHILLIPS
UNITED STATES DISTRICT JUDGE

---

[2]This Court expresses no opinion regarding whether consideration of a state habeas petition might be foreclosed by the principles discussed in In Re Clark, 5 Cal. 4th 750, 763-87 (1993). The California Supreme Court should evaluate the matter in the first instance. Even if an applicable state procedural bar exists, the California Supreme Court nevertheless might choose to reach the merits of petitioner's claims. See, e.g., Park, 202 F.3d at 1151-52.